# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE RICHARD SENATOR,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, *et al.*,<br><br>Defendants. | Case No. 1:22-cv-00144-BAK (BAM) (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Bruce Richard Senator ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. §1983. Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.) Because Plaintiff has three "strikes" under section 1915(g) and fails to show that he is in imminent danger of serious physical injury, the Court recommends that Plaintiff's motion be **DENIED**.

**I.     THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

28 U.S.C. § 1915 governs proceedings *in forma pauperis* ("IFP"). The statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section is commonly referred to as the "three strikes" provision. *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) ("*King*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) ("*Cervantes*") (holding that "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"). The objective of the Prison Litigation Reform Act ("PLRA") is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

Not all dismissed cases qualify as a strike under § 1915(g). *King*, 398 F.3d at 1121. "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim." *Id.* at 1116 n.1 (internal quotations omitted). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting section 1915(g)'s exception for IFP complaints that "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

The danger Plaintiff alleges to face must be real, proximate, and/or ongoing. *Cervantes*, 493 F.3d at 1055; *see also Herbaugh v. San Diego Sheriff's Dep't*, No. 3:18-cv-01899-JLS-NLS, 2018 WL 5024802, at *2 (S.D. Cal. Oct. 17, 2018) (citing *Blackman v. Mjening*, 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016) ("Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical.")). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *Herbaugh*, 2018 WL 5024802, at *2 (quoting *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998)).

**II.     DISCUSSION**

The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). Here, the Court takes judicial notice of Plaintiff's prior lawsuits that

were dismissed on the grounds that they were frivolous or failed to state a claim:

1. *Senator v. City of Orange*, No. SA CV 06-0313-GPS (PLA) (C.D. Cal. June 5, 2006) (finding that Plaintiff's first amended complaint failed to state a claim and granting leave to file a second amended complaint);

2. *Senator v. Davis*, No. CIV S-03-1303 MCE/JFM P (E.D. Cal. June 2, 2005) (dismissing case for failure to file third amended complaint after the court dismissed second amended complaint for frivolity and failure to state a claim); and

3. *Senator v. Valadez*, 2:03-cv-328-MCE-KJM (E.D. Cal. Mar. 9, 2005) (dismissing case for failure to amend complaint after court dismissed complaint for failure to state a cognizable claim).

Additionally, in *Senator v. Cates*, No. 2:11-cv-02029 DAD P (E.D. Cal. Feb. 12, 2014), this Court found three additional cases that were strikes, as determined by the court in *Senator v. Alameida*, No. CIV S-03-1701 LKK KJM P (E.D. Cal. Aug. 16, 2004), as follows:

4. *Senator v. California Department of Corrections*, No. CIV 99-5806 (C.D. Cal. March 3, 2000) (determining that plaintiff's claims were frivolous and dismissed the case);

5. *Senator v. California Department of Corrections*, No. CIV 99-11417 (C.D. Cal. Dec. 1, 1999) (denying plaintiff's request to proceed *in forma pauperis* and noting that plaintiff's claims were "legally and/or factually patently frivolous[.]"); and

6. *Senator v. Orange County*, No. CIV 99-11309 (C.D. Cal. Dec. 1, 1999) (denying plaintiff's request to proceed *in forma pauperis* and noting that the action was "legally and/or factually patently frivolous").

Each of these cases was dismissed prior to the commencement of the current action on February 3, 2022. (*See* ECF No. 1.) Plaintiff is therefore subject to the section 1915(g) bar, and he is precluded from proceeding IFP in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Cervantes*, 493 F.3d at 1052–53.

The Court has reviewed Plaintiff's complaint. (ECF No. 1.) In the forty-seven-page complaint, Plaintiff raises thirteen claims against twenty defendants at two different institutions. (ECF No. 1.) Even construing the complaint in a light most favorable to Plaintiff, the Court finds

that his allegations do not meet the imminent danger exception.

In Claim 1, Plaintiff alleges that on or about, January 13, 2020, Correctional Counselor K. Williams at Wasco State Prison (WSP), made a classification assessment based on Plaintiff's alleged association with white supremacists, neo-nazis, skinheads, and other such groups. Defendant placed Plaintiff at a more dangerous security level, "Security Threat Group" (STG), and a six-point addition to Plaintiff's security/housing score. (ECF No. 1 at 11.) According to Plaintiff, it created a more dangerous prison environment, and a correctional officer commented that the elevated security threat level made it easier for the Plaintiff to be murdered." (*Id.*) This event that occurred in 2020 does not support a claim that Plaintiff was in imminent danger at the time he filed a complaint on February 3, 2022.

In Claim II, Plaintiff asserts that on June 11, 2020, several defendants alleged Plaintiff's involvement with a street game called American Freedom Fighters Resistance Movement ("AFFIRM") to place him in a more dangerous security level, Level III. Plaintiff argues that correctional officers openly accused Plaintiff of involvement with AFFIRM, which brings an "offensive response by inmates which can easily spin out of control to violence. (*Id.* at 12.) Plaintiff has failed to demonstrate how this reclassification in July 11, 2020, presented imminent danger when he filed the complaint.

In Claim V, Plaintiff asserts that on December 15, 2020, he was sick with COVID-19 and Defendants transferred him to another prison and moved into a covid-free pod. According to Plaintiff, he was "nearly attacked by inmates (who were not infected) . . . Defendant's actions endangered Plaintiff." (*Id.* at 15.) This incident also fails to establish the applicability of the imminent danger exception on February 3, 2022.

Plaintiff alleges that between August 2020 to August 2021, Defendants fabricated rules violations to remove him to Level III, "higher/more dangerous housing," "where [Plaintiff] can be murdered." (ECF No. 1 at 19.) He further alleges that in June 2021 and August 2021, Defendants incited other inmates to murder him. However, these events do not raise a threat of imminent danger at the time of filing this complaint.

///

4

Plaintiff re-asserts many of these allegations in his "affidavit on imminent danger of serious physical injury – or death – ," "outline[s] of injuries and conditions at attachments 1–3, and exhibits A–C. Plaintiff's allegations in his complaint and these documents, even if true, do not show that Plaintiff was in imminent danger of serious physical injury. *See Cervantes*, 493 F.3d at 1055. Plaintiff states that on August 27, 2021, Plaintiff placed himself in protective segregation "or risk CDCR-engineered murder. The record does not support Plaintiff's claim that he was in imminent danger of physical injury at the time of filing his complaint, and thus, Plaintiff is precluded from proceeding *in forma pauperis* in this action.

### III. CONCLUSION

Accordingly, the Court HEREBY ORDERS the Clerk of Court to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed *in forma pauperis*, (ECF No. 2), be **DENIED**; and
2. Plaintiff be ORDERED to pay the $402.00 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 22, 2022**          /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE